# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:08-CR-00260 DAD-BAM |
| Plaintiffs, | **ORDER DENYING REQUEST FOR INVESTIGATOR WITHOUT PREJUDICE AND CONSTRUING PART OF LETTER AS MOTION FOR DISCOVERY** |
| v. | |
| DIMITRIOS KASTIS, | |
| Defendants. | |
| _____/ | |

The Court received a letter from defendant Dimitrios Kastis, proceeding *pro se* in this criminal action pursuant to *Faretta v. California*, 422 U.S. 806 (1975). The letter is filed as Doc. 34.

**Request for an Investigator**

The parties appeared at a regularly scheduled status conference on June 13, 2016. At the conference, the Court attempted to set briefing schedules for a series of nondispositive and dispositive motions Defendant seeks to file. Defendant stated he needed an investigator to investigate various issues before he files the first motions. After discussion with Defendant, the Court required Defendant to file by July 1, 2016, an explanation of the scope of the investigation he seeks to accomplish. At the hearing, the Court granted Defendant's request to have the document filed under seal.

On or about June 29, the Court received a letter from Defendant, which was filed on June

29, 2016. (Doc. 34.) The letter complains, among other things, about several judicial decisions, as well as the "non-decisions" which Defendant believes the Court should have made at the hearing on June 13, 2016. The letter does not address what the Court required of Defendant which was to identify the scope and areas for an investigator.

A *pro se* criminal defendant does not have an automatic entitlement to the appointment of an investigator to assist in the defense of pending criminal charges. Rather, the defendant must demonstrate that the services are necessary to an adequate representation and the defendant is financially unable to obtain them. If an investigator is appointed, then the Court may define the scope of that investigation.

The Criminal Justice Act ("CJA") provides that courts may "furnish [] representation for any person financially unable to obtain adequate representation." 18 U.S.C. § 3006A(a). "Representation" includes …. "counsel and investigative, expert, and other services necessary for adequate representation." *Id.* Courts shall authorize investigative, expert and other services "[u]pon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them . . . ." 18 U.S.C. § 3006(A)(e).

The burden is on the defendant to show the services are necessary. *United States v. Valtierra*, 467 F.2d 125, 126 (9th Cir. 1972). To justify the authorization of investigative services under section 3006A(e)(1), a defendant must demonstrate with specificity, the reasons why such services are required. *United States v. Davis*, 582 F.2d 947, 951 (5th Cir.1978) ("When requesting investigative services, a defendant must show specifically the reasons why the services are necessary."). A district court must authorize the provision of investigative services under § 3006A(e)(1) where "'reasonably competent counsel would have required the assistance of the requested expert for a paying client.'" *United States v. Rodriguez–Lara*, 421 F.3d 932, 940 (9th Cir. 2005) (citation omitted), *overruled on other grounds by United States v. Hernandez-Estrada*, 749 F.3d 1154 (9th Cir. 2014); *See United States v. Cole*, No. 2:14-cr-00269-GEB, 2015 WL 5178425, at *3 (E.D. Cal. Aug. 28, 2015) (declining pro se criminal defendant's request for investigator where defendant failed to show that the requested services were necessary for adequate representation). Thus, it is discretionary to appoint an investigator and the Court will not

do so in a vacuum.

Here, Defendant did not identify the scope or any areas or issues for an investigator to investigate. The Court will not appoint an investigator unless Defendant demonstrates, with specificity, the reasons why such services are required. Accordingly, the request for appointment of an investigator is DENIED without prejudice. If Defendant still wishes to have the Court consider appointing an investigator, he may submit to the Courtroom deputy a request clearly marked as "REQUEST FOR INVESTIGATOR TO BE FILED UNDER SEAL." The request must set out reasons why the services are necessary to the issues in this case. Defendant need not serve the request on Plaintiff's counsel.[1]

**Motion for Discovery**

Defendant renews his request for "the names of the individuals who provided the Clovis Police reports to the government and the names of the individuals form the government who receive them." (Doc. 34 p.2.)

At the June 13 hearing, the parties discussed this topic for a lengthy time period. The Court believed an answer, while not satisfactory to Defendant, was provided by the government, but Defendant's letter indicates that an answer was not provided.

Accordingly, the Court will construe the request as a motion for discovery under Rule 16 and *Brady*. Plaintiff shall file a written response to the request for discovery no later than July 20, 2016.

**Order**

For the foregoing reasons, the Court orders as follows:

1. Defendant's request for appointment of an investigator is DENIED without prejudice. If Defendant wishes to have the Court consider appointing an investigator, he may submit to the Courtroom deputy a request clearly marked as "REQUEST FOR INVESTIGATOR TO BE FILED UNDER SEAL." The request must set out reasons

---

[1] In his letter filed on June 29, 2016, Defendant asserts that the Court is biased in favor of the prosecutor because, as the letter states: "This is made clear in the federal prosecutor's statement to the court on record 'I hope this court doesn't make any decision (on the spot) until we (the government) has time to reply (not at the hearing).'" (Doc 34 p.1) This statement refers to the discussion at the hearing and the request by the government at the June 13 hearing that should the Court rule on an issue regarding sealed information, that the government be given some kind of notice.

1      why the services are necessary to the issues in this case.

2      2. Plaintiff shall file a written response to the request for discovery no later than July 20, 2016.

IT IS SO ORDERED.

Dated: **July 7, 2016**        /s/ *Barbara A. McAuliffe*
                             UNITED STATES MAGISTRATE JUDGE

4